IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHAEL EVANS.,

   Petitioner,

 v.

KOLAWOLE AKINBAYO, Warden, and
ATTORNEY GENERAL OF THE
STATE OF DELAWARE,

   Respondents.

Civil Action No. 18-1080-RGA

## MEMORANDUM OPINION

Michael Evans. *Pro se* Petitioner.

Brian L. Arban, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

June 28, 2021
Wilmington, Delaware

/s/ Richard G. Andrews
ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner Michael Evans is an inmate in custody at the Howard R. Young Correctional Center in Wilmington, Delaware. Evans filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 3) The State filed an Answer in opposition, asserting that six of the seven claims in the Petition should be dismissed as time-barred, and the remaining claim should be dismissed for failing to assert an issue cognizable on federal habeas review. (D.I. 33) For the reasons discussed, the Court will dismiss the Petition.

I. BACKGROUND

Petitioner was incarcerated in New Jersey when, in March 1998, he was indicted in Delaware on charges of first degree robbery, carjacking, and possession of a firearm during the commission of a felony ("PFDCF"). (D.I. 33 at 1) Petitioner's Delaware charges stemmed from his robbing an individual of a motorcycle at gunpoint. (D.I. 33 at 3) Petitioner was extradited to Delaware and, in April 1998, a Delaware Superior Court jury convicted him of the robbery and weapons offenses. *See Evans v. State*, 741 A.2d 1026 (Table), 1999 WL 1090558, at *1 (Del. Oct. 7, 1999). On November 6, 1998, the Superior Court sentenced Petitioner to an aggregate of nine years at Level V, suspended after seven years for three year of decreasing levels of probation. *See id*. Petitioner appealed, and the Delaware Supreme Court affirmed Petitioner's convictions on October 7, 1999. *See id*. at *3.

On November 18, 1998, Delaware lodged a Form IX under the Interstate Agreement on Detainers Act, and returned Petitioner to New Jersey on December 1, 1998 so that he could finish serving his New Jersey sentence. (D.I. 33 at 2; D.I. 31-1 at 2, Entry No. 20) On June 12, 2000, Petitioner filed in the Delaware Superior Court a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 31-1 at 4, Entry No. 32)

On June 15, 2000, the Superior Court notified Petitioner that his Rule 61 motion was noncompliant because he had not used the required form. (D.I. 31-1 at 4, Entry No. 34) Petitioner filed a compliant Rule 61 motion on July 1, 2000, which the Superior Court denied on November 9, 2000. (D.I. 31-1 at 4-6, Entry Nos. 35, 62, 36, 40) On December 5, 2000, Petitioner filed a letter requesting discovery and, on January 8, 2001, he filed a "motion for accruing time to file his objection as jurisdictional defect." (D.I. 31-1 at 6, Entry Nos. 41, 43, 45, 46) The Superior Court treated the motion for accruing time as a motion for reargument regarding the denial of Petitioner's Rule 61 motion, and denied it on April 10, 2001. (D.I. 31-1 at 6, Entry Nos. 43, 66, 45, 46) On May 1, 2001, Petitioner filed a "motion for inquiries and transcripts," which the Superior Court denied on August 23, 2001. (D.I. 31-1 at 6, Entry Nos. 47, 48) Petitioner did not appeal those decisions.

Petitioner was released from incarceration in New Jersey on May 31, 2005. (D.I. 33 at 2) Petitioner remained at liberty until sometime between May and July 2016, when he was incarcerated in Delaware to serve his 1998 Delaware sentence. *Compare Evans v. State*, 173 A.3d 84 (Table), 2017 WL 4680742, at *1 (Del. Oct. 17, 2017) (stating that Petitioner remained at liberty until May 9, 2016) *with* the State's Answer (D.I. 33 at 2) (stating that Petitioner remained at liberty until July 7, 2016). On April 7, 2017, Petitioner filed a motion for correction of sentence, asking the Superior Court to correct the starting date of his sentence from May 9, 2016 to May 31, 2005, the date on which he was paroled by New Jersey authorities. *See Evans*, 2017 WL 4680742, at *1. The Superior Court denied the motion for correction of sentence on May 15, 2017, (D.I. 31-1 at 7, Entry Nos. 49, 50), and the Delaware Supreme Court affirmed that decision on October 17, 2017. *See Evans*, 2017 WL 4680742, at *2.

Petitioner filed the instant Petition in July 2018, asserting the following seven grounds for relief: (1) the State violated his right to be protected from double jeopardy because Petitioner was also charged in New Jersey with possession of stolen property; (2) trial counsel provided ineffective assistance of counsel by not challenging the robbery victim's out-of-court identification of Petitioner as the perpetrator from a photo lineup; (3) the Superior Court improperly instructed the jury regarding the victim's out-of-court identification; (4) Petitioner was deprived of his constitutional right to an impartial jury; (5) trial counsel's ineffective assistance deprived Petitioner of a fair trial; (6) the Delaware state courts violated Petitioner's due process rights by denying his 2017 motion to correct sentence and failing to provide him with credit for the time he spent at liberty; and (7) Petitioner is actually innocent. (D.I. 3; D.I. 4)

## II. ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period must be applied on a claim-by-claim basis and is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling); *Fielder v. Varner*, 379 F.3d 113, 117-18 (3d Cir. 2004) (AEDPA's limitations period applies on a claim-by-claim basis).

As an initial matter, the Court notes that Claim Six – challenging the Delaware state courts' 2017 denial of Petitioner's motion to credit his sentence for the time he spent erroneously at liberty – is timely filed, because Petitioner filed the instant Petition within one year of the Delaware Supreme Court's decision affirming the Superior Court's denial of said motion. Therefore, the Court will review Claim Six later in this Opinion.

As for the remaining six Claims, Petitioner does not allege, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations for Claims One, Two, Three, Four, Five, and Seven began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Petitioner's convictions and sentence on October 7, 1999, and he did not file a petition for a writ of certiorari in the United States Supreme Court. As a result, Petitioner's convictions became final on January 5, 2000. Applying the one-year limitations period to that date, Petitioner had until January 5, 2001 to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64

(3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until July 17, 2018,[1] more than seventeen years after that deadline. Thus, the aforementioned six Claims in the Petition are time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id*. at 424. In contrast, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

---

[1] Pursuant to the prisoner mailbox rule, the Court adopts as the filing date July 17, 2018, because that is the date on Petitioner's certification of mailing. (D.I. 3 at 17)

Here, 179 days of AEDPA's limitations period had already lapsed when Petitioner properly filed his Rule 61 motion on July 3, 2000.[2] The Superior Court denied the Rule 61 motion on November 9, 2000, and Petitioner did not appeal that decision. Consequently, the Rule 61 motion tolled the limitations period from July 3, 2000 through December 11, 2000, which includes the thirty-day appeal period.

The limitations clock started to run again on December 12, 2000, and ran another twenty-seven days until January 8, 2001, the date on which Petitioner filed a motion that the Delaware Superior Court treated as a motion for reargument.[3] The Superior Court denied the motion for reargument on April 10, 2001, and Petitioner did not appeal that decision. Given these circumstances, the motion for reargument tolled the limitations from January 8, 2001 through May 10, 2001, which includes the thirty day appeal period.

The limitations clock started to run again on May 11, 2001, and ran the remaining 159 days without interruption[4] until the limitations period expired on October 17, 2001. Thus, even with the applicable statutory tolling, the Petition was filed more than sixteen years too late. Accordingly, the Petition is time-barred, unless equitable tolling applies.

---

[2]The Rule 61 motion that Petitioner filed on June 12, 2000, does not trigger statutory tolling under § 2244(d)(2) because the Superior Court rejected the motion as non-compliant.

[3]The State contends that the construed motion for reargument has no statutory tolling effect because it was untimely filed. (D.I. 33 at 9) Unfortunately, the record does not indicate the basis for the Superior Court's denial of the motion for reargument. Given these circumstances, and because the result is the same, the Court will assume for the sake of argument that the motion for reargument was properly filed for § 2244(d)(2) purposes.

[4]The motion for inquiries and transcripts that Petitioner filed on May 1, 2001 does not trigger statutory tolling because it was not an application for collateral review.

## B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner alleges that his untimely filing should be excused because he lacks legal expertise and needs legal representation. (D.I. 3 at 15) Notably, however, the Third Circuit has held that a petitioner's *pro se* status, on its own, is not sufficient to justify equitable tolling. *See Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013); *Nunes v. Att'y General of the United States*, 475 F. App'x 427, 429 (3d Cir. 2012). Additionally, "[i]t is well-settled that a prisoner's ignorance of the law and lack of legal expertise does not excuse [the] failure to make a prompt and timely filing." *See Hendricks v. Johnson*, 62 F. Supp. 3d 406, 411 (D. Del. 2014). Therefore, Petitioner's asserted reasons do not entitle him to equitable tolling

To the extent Petitioner alleges his actual innocence as a basis for equitably tolling the limitations period, his argument is similarly unavailing. In *McQuiggin v. Perkins*, the Supreme

7

Court held that a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386, 401 (2013). However, the *McQuiggin* Court cautioned that "tenable actual-innocence gateway pleas are rare," and a petitioner only meets the threshold requirement by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 386. An actual innocence claim must be based on "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence [] that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

To support his assertion of innocence, Petitioner has provided several nearly identical affidavits stating:

> In support of [Petitioner] and his alibi witnesses that were never called, investigated, interviewed or subpoenaed by James A. Bayard, of the Delaware Office of Public Defenders. Due to counsel's failure to subpoena witnesses and his ineffective assistance of counsel, [Petitioner] was denied a fair trial. All witnesses sign below that [Petitioner] is innocent of crime indictment no. 691000374 [sic]. Witnesses offered in the affidavit[s] do testify and challenge the reliability of the trial verdict of indictment no. 961000374. [Petitioner's] witnesses' testimony, if credited, could have cleared [Petitioner] of his being wrongfully convicted of a crime he did not commit. In fact, [Petitioner] purchased the motorcycle for $580.00 from Vessal Virgo. Through investigation, the true assailant is a person named Darryl from Newfield, NJ zip code 08344. We below seek vindication of [Petitioner] being falsely accused.

(D.I. 8) The Court is not persuaded that these affidavits constitute "new reliable evidence" of Petitioner's actual innocence sufficient to satisfy the *McQuiggan* and *Schlup* standard for equitable tolling. First, the fact that Petitioner provided the witnesses' affidavits decades after

his trial substantially reduces the credibility of the witnesses' statements regarding Petitioner's alleged innocence. *See McQuiggin*, 569 U.S. at 399 ("As we stated in *Schlup*, [a] court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of ... evidence [of actual innocence].") (cleaned up).; *Sistrunk v. Rozum*, 674 F.3d 181, 190-91 (3d Cir. 2012) (rejecting equitable tolling argument based on a letter from a witness allegedly showing Sistrunk's actual innocence in part because the letter was produced a decade late); *Williamson v. Dist. Att'y of Philadelphia*, 2017 WL 5010371, at *5 (E.D. Pa. Nov. 2, 2017) ("Williamson presents an affidavit of an alleged alibi witness twenty years after the trial and twenty-five years after the crime, a delay which casts doubt on the reliability of the affidavit."). In turn, the witnesses do not provide the basis for their conclusory allegations that Petitioner did not commit the robbery or that someone else did commit the robbery. *See Turner v. Romanowski*, 409 F. App'x 922, 930 (6th Cir. 2011) ("None of the affidavits submitted by Turner provides reliable support for his assertion of actual innocence, nor are they sufficient, cumulatively, to show that Turner is entitled to equitable tolling."); *Burroughs v. Metzger*, 2018 WL 6040253, at *4 (D. Del. Nov. 19, 2018) ("Petitioner's bare-bone and unsupported statement of actual innocence does not warrant equitable tolling because it does not assert or constitute new reliable factual evidence of his actual innocence as required by *Schlup*.").

For all of these reasons, the Court concludes that the equitable tolling doctrine does not apply to Claims One, Two, Three, Four, Five and Seven. Accordingly, the Court will dismiss these six Claims as time-barred.

## III. CLAIM SIX IS NOT COGNIZABLE

In Claim Six, Petitioner contends that the Delaware state courts violated his due process rights by failing to correct his illegal sentence and provide him with credit for the time he spent erroneously at liberty after being released from a New Jersey prison in 2005. Referring to the "equitable doctrine of providing credit for time erroneously at liberty," Petitioner argues that he has a "liberty interest in good time credits" that the State of Delaware negligently failed to award him "for the period between his release from the State of New Jersey and re-incarceration in [a] Delaware prison." (D.I. 3 at 12; D.I. 4 at 36- 41)

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Consequently, allegations of error in state collateral proceedings are not cognizable on federal habeas review, because "the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state . . . proceeding that actually led to the petitioner's conviction." *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) ("what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation.") (emphasis in original). In addition, a state court's computation of a state prison sentence, including credit for time-served, is a matter of state law that is not cognizable under § 2254. *See Woods v. Phelps*, 2008 WL 4449621, at *6 (D. Del. Sept. 30, 2008) ("a state prisoner's right to credit for time served before sentencing is a matter of state law"); *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991*)* ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Here, Petitioner relies on the Third Circuit decision in *Vega v. United States*, 493 F.3d 310, 314 (3d Cir. 2007), to support his argument that Delaware violated his due process rights by refusing to credit his Delaware sentence with the time he was erroneously at liberty. After reviewing Claim Six in context with the record and governing legal principles, the Court concludes that Petitioner's reliance on *Vega* is misplaced. In *Vega,* the Third Circuit articulated a two-part burden shifting test for determining whether an erroneously released prisoner should be granted credit against his federal sentence for the time he was at liberty:

> [I]n order for a prisoner to receive credit for time he was erroneously at liberty, the prisoner's habeas petition must contain facts that demonstrate that he has been released despite having unserved time remaining on his sentence. Once he has done this, the burden shifts to the government to prove either (1) that there was no negligence on the part of the imprisoning sovereign, or (2) that the prisoner obtained or retained his liberty through his own efforts.

*Vega*, 493 F.3d at 319. Significantly, however, the Third Circuit explained that the "rule of credit for time spent erroneously at liberty" is not premised on a constitutional right but, rather, on a common law right. *See Vega*, 493 F.3d at 317 ("we do not find a constitutional basis . . ., we look to the common law"); *see also United States v. Grant*, 862 F.3d 417, 419-22 (4th Cir. 2017). In other words, despite the Third Circuit's decision in *Vega*, there still is no Supreme Court precedent establishing a state prisoner's federal constitutional right to be credited for time erroneously spent outside of prison prior to the expiration of his sentence term. *See, e.g., Colon v. Harrisonburg/Rockingham Regional Jail*, 2021 WL 1206621, at *2 (W.D. Va. Mar. 30, 2021) (explaining that "district courts in Fourth Circuit have repeatedly rejected constitutional challenges based on similar facts"). Rather, a state prisoner's right to credit for time spent erroneously out of state custody is a matter of state law. *See Boutwell v. Nagle*, 861 F.2d 1530,

1532 (11th Cir. 1988) (explaining that, "[i]f, absent a state statute, a prisoner has no right to credit for time served before he or she has been convicted, then without a statute the prisoner certainly has no right to credit for time spent in out-of-state custody while he or she is an escapee from the state's prison system."); *Eldridge v. Dunn*, 2016 WL 8223426, at *5 (S.D. Ala. Jan. 29, 2016) (collecting cases).

Based on the foregoing, the Court will deny Claim Six for failing to failing to present an issue cognizable on federal habeas review.

## IV. PENDING MOTION

During the pendency of this proceeding, Petitioner filed a motion titled "Motion to Preserve Decision." (D.I. 55) Although not entirely clear, Petitioner appears to argue that: (1) the Court must retain jurisdiction to review his Petition even if he is released prior to the Court undertaking its review of said Petition; and (2) he is entitled to "monetary backpay (remedy) for periods of unlawful imprisonment of a wrongful conviction." (D.I. 55 at 2) Having already decided to deny the Petition in its entirety, the Court will dismiss the instant Motion as moot. To the extent Petitioner seeks "monetary backpay," the Court also notes that such relief is not available on federal habeas review. *See Muhammed v. Close*, 540 U.S. 749, 750 (2004) (monetary damages are unavailable in a habeas action).

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability

unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the instant Petition should be dismissed because Claims One through Five and Claim Seven are time-barred, and Claim Six fails to assert a proper basis for habeas relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

## VI. CONCLUSION

For the reasons discussed, the Court will dismiss the Petition in its entirety. An appropriate Order will be entered.