IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL EVANS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 18-1080-RGA |
| | : | |
| KOLAWOLE AKINBAYO, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

## **MEMORANDUM**

On June 28, 2021, the Court denied Petitioner Michael Evans' habeas petition after determining that six claims were time-barred and one claim was not cognizable on federal habeas review. (D.I. 56; D.I. 57) The Court also declined to issue a certificate of appealability with respect to that decision. (D.I. 56 at 13-14; D.I. 57) On July 6, 2021, Petitioner filed two notices of appeal with the Third Circuit Court of Appeals. (D.I. 58; D.I. 59) On July 9, 2021, Petitioner filed in this Court a motion asking the Court to reconsider its refusal to issue a certificate of appealability ("Motion for Reconsideration"). (D.I. 61 at 1-2) On August 31, 2021, the Third Circuit denied the motion for a certificate of appealability that Petitioner filed in conjunction with his notices of appeal. (D.I. 62)

### I.  **STANDARD OF REVIEW**

A motion for reargument/reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Motions for reconsideration filed within Rule 59(e)'s twenty-eight day filing period are construed as timely filed Rule 59(e) motions to alter or amend judgment, rather than as Rule 60(b) motions for reconsideration. *See*

*Banister v. Davis*, 140 S.Ct. 1698, 1708 (2020) (explaining that Rule 59(e) motions seeking reconsideration of the underlying decision are permitted in habeas proceedings and are not considered to be second or successive habeas petitions, unlike subsequent Rule 60(b) motions raising new issues); *Blystone v. Horn*, 664 F.3d 397, 414 (3d Cir. 2011) (explaining that a timely Rule 59(e) motion is not subjected to the "statutory limitations imposed upon second or successive collateral attacks on criminal judgments"). Rule 59(e) is "a device [] used to allege legal error,"[1] and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The scope of a Rule 59(e) motion is extremely limited,[2] and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

## II.  DISCUSSION

The Court construes the instant Motion for Reconsideration as a motion filed pursuant to Rule 59(e), because it was filed within twenty-eight days after the entry of the Court's

---

[1] *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).
[2] *See* **Error! Main Document Only.***Blystone*, 664 F.3d at 415; *see also Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

2

judgment.[3] In the Motion, Petitioner conclusorily asserts that the Court should have issued a certificate of appealability because (1) equitable tolling rendered six of his claims timely and (2) the arguments in his Petition made a substantial showing of the denial of a constitutional right. (D.I. 61 at 3) These contentions, however, do not present any intervening change in law, the availability of previously unavailable evidence, or a "clear error of law" of the sort that would compel reconsideration of the Court's denial of his § 2254 Petition or its refusal to issue a certificate of appealability. The fact the Third Circuit considered and rejected the same assertions when it denied the motion for a certificate of appealability Petitioner filed in conjunction with his notices of appeal provides additional support for the Court's conclusion. (D.I. 62) Accordingly, the Court will deny the instant Motion for failing to satisfy the requirements of Rule 59(e).

In addition, an individual named Brandon Evans filed a letter asking to be added as a plaintiff in the instant proceeding. (D.I. 63) Given the decision to deny the instant Rule 59(e) Motion, the Court will summarily dismiss as moot Brandon Evans' un-related request to be added as a plaintiff.

### III. CONCLUSION

Based on the foregoing, the Court will deny Petitioner's Rule 59(e) Motion for Reconsideration (D.I. 61) and the unrelated request to add Brandon Evans as a plaintiff (D.I. 63).

---

[3] The Court denied the Petition on June 28, 2021. (D.I 56; D.I. 57) Petitioner filed the instant Motion for Reconsideration (D.I. 61) on July 9, 2021, which was eleven days after the dismissal of his Petition.

A separate Order will be entered.

DATED: January 11, 2022

_____
UNITED STATES DISTRICT JUDGE